**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

| | | |
|---|---|---|
| THEODIS SMITH | ) | |
| ADC #108054 | ) | |
|    Petitioner, | ) | **Case No. 5:11-CV-00079 DPM-JTK** |
| | ) | |
| v. | ) | |
| | ) | |
| RAY HOBBS, Director, | ) | |
| Arkansas Department of Correction | ) | |
|    Respondent. | ) | |

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**Instructions**

The following recommended disposition has been sent to United States District Court Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Theodis Smith on April 4, 2011 (Doc. No. 1). A response was filed by Respondent Ray Hobbs on June 24, 2011 (Doc. No. 10). Petitioner did not exercise his right to file a reply (Doc. No. 15). After reviewing the parties' briefing and the available evidence, the Court finds that the current action should be DISMISSED.

## Background

On March 19, 2009, Petitioner was convicted of first-degree murder in the Jefferson County (Arkansas) Circuit Court for the death of his three-year-old niece. He was sentenced to 25 years' confinement in the Arkansas Department of Correction. Petitioner subsequently filed a direct appeal with the Arkansas Court of Appeals, arguing that the evidence was insufficient to support his conviction. His appeal was denied on February 11, 2010. *Smith v. State*, 2010 Ark. App. 135. It does not appear that Petitioner sought any postconviction relief pursuant to Ark. R.

Crim. P. 37.1.

**Discussion**

Petitioner requests relief pursuant to 28 U.S.C. § 2254, alleging that the evidence at trial was insufficient to support his conviction and that he received ineffective assistance from counsel. Respondent argues that Petitioner's claims are time barred, procedurally barred, and meritless.

**I.   Limitations Period**

Section 2244 requires state habeas petitioners to file their petitions within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The starting date for limitations purposes was March 31, 2010, the date Petitioner's motion for rehearing was denied.[1] Thus, Petitioner was required to file his petition by March 31, 2011, but it was not filed until April 4, 2011.

Rule 3 of the Rules Governing Section 2254 and 2255 Cases sets out what is commonly referred to as the "prison mailbox rule." Under this rule, a petition is timely if it is deposited in the institution's internal mailing system within the applicable limitations period. The Court assumes that Petitioner intends to invoke this rule based on the petition's assertion that it is timely (Pet. 4) and the attached affidavit that is dated March 29, 2011 (Pet. 14). Respondent

---

[1] Petitioner's time for seeking review from the Arkansas Supreme Court had already expired by this point. Ark. Sup. Ct. R. 2-4(a) ("A petition to the Supreme Court for review of a decision of the Court of Appeals must be in writing and must be filed within 18 calendar days from the date of the decision, *regardless of whether a petition for rehearing is filed with the Court of Appeals*.") (emphasis added); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 656 (2012) ("[W]ith respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires.").

3

contends that Petitioner has failed to meet the required burdens for applying the prison mailbox rule under *Porchia v. Norris*, 251 F.3d 1196 (8th Cir. 2001). Although it is certainly questionable whether Petitioner's affidavit sufficiently demonstrates "the precise date upon which he left his [petition] with prison authorities," this matter can be resolved on other grounds. *Id.* at 1198.

## II. Procedural Default

Petitioner argues that he received ineffective assistance of counsel because his attorney failed to object to testimony concerning the rape kit that was administered and the test results regarding the pubic hairs and semen that were found on the victim. He contends that this was unreasonable and prejudicial under *Strickland v. Washington*, 466 U.S. 668 (1984), because there were no charges brought concerning sexual assault. The merits of this claim will not be reached because it is procedurally barred.

A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause and prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.,* whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking

one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

It does not appear that Petitioner ever filed a motion for a new trial or raised this argument during his direct appeal. *Rackley v. State*, 371 Ark. 438, 441 (2007) ("[A]n ineffective-assistance argument can be raised on direct appeal, but it may only be done if 1) the issue was first raised during trial or in a motion for new trial, and 2) the facts and circumstances were fully developed either during trial or during other hearings . . . ."). In such circumstances, the "proper remedy to challenge the adequacy of an attorney's representation is a petition for postconviction relief" under Rule 37. *Carrier v. State*, 278 Ark. 542, 543 (1983) (per curiam). However, Petitioner never filed a Rule 37 petition either. Petitioner does not argue that he can show cause and prejudice. "Nor does he contend that enforcing the procedural default rule would result in 'a miscarriage of justice' by denying relief to a prisoner who is 'actually innocent,' that [this] procedural requirement is not firmly established and regularly followed, or that the state ground is otherwise inadequate." *Welch*, 616 F.3d at 760 (internal citations omitted). Thus, Petitioner failed to properly exhaust his remedies, and his procedural default prevents any federal consideration of this claim. *Barrett v. Acevedo*, 169 F.3d 1155, 1161 (8th Cir. 1999) ("If a petitioner has not presented his habeas corpus claim to the state court, the claim is generally defaulted.").

Although Petitioner did attack the sufficiency of the evidence during his direct appeal, he is procedurally barred from doing so now because his previous arguments were not based on

5

federal law. *See* Resp't's Resp. Ex. 2, Doc. No. 10. "[W]e traditionally demand that a habeas petitioner have presented 'the same legal theories and factual bases to the state courts.'" *Wyldes v. Hundley*, 69 F.3d 247, 251 (8th Cir. 1995) (quoting *Pollard v. Armontrout*, 16 F.3d 295, 297 (8th Cir. 1994)). "Although the constitutional substance of a claim must be apparent, it is not necessary to cite 'book and verse on the federal constitution.'" *Satter v. Leapley*, 977 F.2d 1259, 1262 (8th Cir. 1992) (quoting *Picard v. Connor*, 404 U.S. 270, 278 (1971)). "At minimum, though, the petitioner during direct appeal must have explicitly referred the state courts to the United States Constitution or federal case law." *Wyldes*, 69 F.3d at 251 (citing *Luton v. Grandison*, 44 F.3d 626, 628 (8th Cir. 1994)); *see also Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (holding that prisoners must alert state courts "to the fact that [they] are asserting claims under the United States Constitution" by raising constitutional issues "not only in federal court, but in state court" as well); *Carney v. Fabian*, 487 F.3d 1094, 1096-97 (8th Cir. 2007) (holding that prisoner did not satisfy presentment requirement because he "did not specifically assert a due process violation, refer to the United States Constitution, or cite a relevant federal constitutional case"); *McDougald v. Lockhart*, 942 F.2d 508, 510 (8th Cir. 1991) ("Explicit citation to the Constitution or to a federal case is necessary for fair presentation of a constitutional claim in state court."). Thus, Petitioner's failure to raise any arguments regarding federal law at the state level prevents his claims from being considered upon federal habeas review.

### III.  Sufficiency of Evidence

In any event, Petitioner's claim regarding the sufficiency of evidence is without merit because federal courts may only overturn a state adjudication if it resulted in a decision that was: 1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States;" or 2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A brief summary of the evidence demonstrates that neither of the previous conditions apply here.

At trial, the state presented evidence that 1) Petitioner's wife did not see any significant bruises or scratches on the victim when she bathed the victim prior to leaving her alone in the house with Petitioner; 2) shortly after leaving the house, Petitioner's wife had to return because he said there was an emergency; 3) the victim was unconscious when Petitioner's wife returned home; 4) a friend of Petitioner's wife heard Petitioner say that it was too late because the victim was already dead; 5) the friend also saw the victim lying motionless in the backseat of Petitioner's car; 6) Petitioner called his wife on a neighbor's phone to instruct her to tell emergency room physicians what he had told her to say; 7) the victim's core temperature indicated that she had been cold for a long period of time, and resuscitation attempts were unsuccessful; 8) a rape kit was performed due to visible damage and bloody mucus running out of the victim's vagina; 9) a single pubic hair found on the victim was found to come from either Petitioner, his father, or his brothers; 10) there was no indication that Petitioner's father or brothers were implicated; 11) semen was also found on the victim, but it could not be conclusively matched to Petitioner; 12) Petitioner's semen was found on a comforter in the victim's room; 13) the victim suffered numerous tremendous physical injuries, with one blow to her head being described by a medical examiner as having more force than what one boxer delivers to another; 14) Petitioner was described as very nervous during his police interview and he blurted things out such as he had "fucked up" and "done things he could not fix;" and

15) Petitioner eventually told police that he had whipped the victim with a belt for wetting the bed and that he had driven her to get medical help, but gave up and went back home when a police officer he sped past did not pull him over. Resp't's Resp. 4-9.

Given the fact that Petitioner appears to have been alone in the house with the victim for a short period of time when her injuries took place, the Court sees nothing to indicate the jury's interpretation of this evidence was unreasonable. Petitioner offers alternative explanations for some of this evidence, but none of these are sufficient to satisfy his habeas burdens. This is because a state court's "determination of a factual issue . . . shall be presumed to be correct" and Petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254 (e)(1).

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) be, and it is hereby, dismissed, with prejudice. The relief prayed for is DENIED.

SO ORDERED this 14th day of May, 2012.

_____
United States Magistrate Judge